UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DANTE YOUNG,**

        **Plaintiff,**    :

  v.                          **Case No. 2:21-cv-4059**
                                **Judge Sarah D. Morrison**
**WARDEN, WARREN**        **Magistrate Judge Elizabeth**
**CORRECTIONAL**    :     **Preston Deavers**
**INSTITUTION,**
        **Defendant.**

## OPINION & ORDER

This matter is before the Court on Petitioner Dante Young's Objections (ECF No. 9) to the Magistrate Judge's Report and Recommendation (R&R) (ECF No. 8). On July 30, 2021, Petitioner filed a Habeas Petition (ECF No. 1, Petition) raising two grounds for relief. The Magistrate Judge recommends the Court deny the Petition and dismiss the action.

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Ohio Tenth District Court of Appeals summarized the factual background of this case, *State v. Young*, 2020 WL 704577, 2020-Ohio-462, ¶¶ 2–22

(Ohio Ct. App. 2020). The procedural history is set forth in the Return of Writ, (ECF No. 5, PageID 335–39), to which the Petitioner does not object. (ECF No. 6, Traverse, PageID 365.) The Court incorporates those discussions by reference.

The Petition raised two claims for relief. First, that the murder conviction was based on insufficient evidence because the prosecution did not prove beyond a reasonable doubt that Petitioner acted "purposely" as required by Ohio Rev. Code § 2903.02(A). (Petition, PageID 5.) Second, that trial counsel failed to object to misleading jury instructions and several instances of prosecutorial misconduct, thus depriving Petitioner of effective assistance of counsel. (*Id.*, PageID 7.)

The Magistrate Judge found that the Ohio Court of Appeal's determination that there was sufficient evidence to infer criminal intent under R.C. § 2903.02(A) was neither an unreasonable application of clearly established federal law nor based on an unreasonable determination of the facts. (R&R, PageID 1179.) Second, the Magistrate Judge found that Petitioner did not show that trial counsel's failure to object to the jury instructions or alleged prosecutorial misconduct, either collectively or individually, constituted ineffective assistance. (*Id.*, PageID 1210.)

I.   **Petitioner's Objection: Insufficient Evidence**

On his first Ground for Relief, Petitioner asserted that his murder conviction was based on insufficient evidence. The Ohio Court of Appeals decided this claim against Petitioner on the merits through application of the correct federal standard set out in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). It recited the evidence at length and found that the evidence was sufficient to support Petitioner's murder

2

conviction. (R&R, PageID 1170–75.) Upon reviewing the record, the Magistrate Judge agreed with the Ohio Court of Appeal's conclusion. (*Id.*, PageID 1179.)

In his Objection, Petitioner reiterates his Traverse argument that the Ohio Court of Appeals did not consider the testimony of the "key" witness who could show his lack of *mens rea*. (Objs., PageID 1215–17.) Petitioner also argues that, based on the evidence presented at trial, no rational person could conclude beyond a reasonable doubt that he possessed a purposeful mental state. (*Id.*, PageID 1216.) Finally, Petitioner reiterates that the Ohio Court of Appeal's sufficiency determination does not warrant deference. (*Id.*, PageID 1216–17.)

The Court agrees with the Magistrate Judge that the Ohio Court of Appeals appropriately considered the sufficiency of the evidence supporting the conviction by resolving any conflicts in favor of the evidence for the prosecution. *See Smith v. Cook*, 956 F.3d 377, 396 (6th Cir. 2020). Despite Petitioner's assertions to the contrary, it is the factfinder's role to assess evidence and the appellate court's role to defer to that assessment when the evidence, if credited, could support the conviction. *Jackson*, 443 U.S. at 319; *Schlup v. Delo*, 514 U.S. 298, 330 (1995).

Accordingly, Petitioner's first objection is **OVERRULED**. Petitioner's first Ground for Relief is **DENIED**.

## II. Petitioner's Objection: Ineffective Assistance of Counsel

On his second Ground for Relief, Petitioner asserted ineffective assistance of counsel for (1) counsel's failure to object to the jury instructions; and (2) counsel's failure to object to several instances of prosecutorial misconduct. To establish

ineffective assistance, Petitioner must show that trial counsel's performance was deficient and that he was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The Magistrate Judge found that Petitioner did not show that these failures, either individually or collectively, amounted to ineffective assistance of counsel. (R&R, PageID 1210.)

### A. Failure to Object to the Jury Instructions

In his Objections, Petitioner rehashes his argument that trial counsel's failure to object to the jury instructions allowed jurors to receive a causation instruction that prevented them from following the proper route to conviction. (Objs., PageID 1217–19.) Specifically, Petitioner contends that this jury instruction left open the possibility for the jury to conclude that he was guilty of murder based on his failure to act. However, as the Ohio Court of Appeals found, Petitioner has not shown that he was prejudiced by trial counsel's failure to object.

Courts must consider the potentially objectionable instruction in the "context of the overall charge" and not in isolation. *Middleton v. McNeil*, 541 U.S. 433, 437 (2004). To the extent there is an ambiguity, the inquiry is whether there is a "reasonable likelihood that the jury has applied the challenged instruction in a way that violates the constitution." *Id.* (internal quotation marks omitted). "[I]t is not enough that there is some 'slight possibility' that the jury misapplied the instruction." *Waddington v. Sarausad*, 555 U.S. 179, 191 (2009). Here, the instructions did not misstate the law, nor were they incomplete. (R&R, PageID 1186.) As the Ohio Court of Appeals and R&R observed, the prosecution's case

4

focused on proving that Petitioner was an aider and abettor, not on his failure to act. (*Id.*, PageID 1187.) Thus, the evidence presented at trial overwhelmingly supported a conviction on these grounds. (*Id.*) In context, there was no reasonable likelihood that the jury misapplied the instructions.

Nonetheless, Petitioner argues that the jury's question to the trial judge, asking if it could consider any failure to act, serves as evidence that the jury misapplied the instruction. (Objs., PageID 1217.) As discussed in the R&R, this argument, standing alone, does not establish a "reasonable likelihood" that the jury misapplied the jury instruction. *Victor v. Nebraska*, 511 U.S. 1, 6 (1994) ("[T]he proper inquiry is not whether the instruction 'could have' been applied in an unconstitutional manner, but whether there is a reasonable likelihood that the jury did so apply it.")

The instructions were legally correct, and the grounds upon which the prosecution built its case were clear. Petitioner has not shown he was prejudiced by trial counsel's failure to object to the instructions.

### B. Failure to Object to Prosecutorial Misconduct

As for trial counsel's failure to object to prosecutorial misconduct, Petitioner disagrees with the Magistrate Judge's conclusion as to each instance of misconduct. (Objs., PageID 1219–22.) Petitioner alleges three instances of misconduct; (1) the prosecution's portrayal of Petitioner as a pirate during *voir dire*, (2) the prosecution's failure to correct a false statement made by a state witness, and (3) the prosecution's "vouching" for a state witness's credibility.

5

A.  Prejudicial Statements During *Voir Dire*

First, Petitioner contends that the R&R "trivializes" the prosecution's characterization of Petitioner as a "pirate" and "criminal" during *voir dire* by considering such references to be part of a hypothetical. He also argues that the R&R did not directly address the prosecution's insinuation during *voir dire* that Petitioner "got rid of all of the other witnesses."

When addressing the "pirate" and "criminal" references, the R&R considered the context of the remarks and concluded that the Ohio Court of Appeals properly found that the references were not prejudicial. The prosecution made these references amidst a string of hypotheticals about pirates and there is no evidence that the jury would have misunderstood the context.

Contrary to Petitioner's assertion, the R&R directly addressed Petitioner's objection to the prosecutor's implication that Petitioner killed or intimidated witnesses. This objection arises out of statements made during the *voir dire* discussed above. The statements were used to explain that the prosecution may call a witness who was herself a party to the crime because there is no available neutral witness. The R&R reviewed the Ohio Court of Appeal's entire analysis of the pirate hypotheticals, which included the statements that allegedly implied witness tampering. After this review, the R&R concluded that the Ohio Court of Appeals reached a reasonable determination when it decided that such statement made during *voir dire* were not prejudicial. The Court agrees with this conclusion.

The R&R also considered the deficient performance prong from *Strickland*

and reasoned that trial counsel's decision not to object was a valid tactical choice to avoid drawing attention to the statements. Counsel may have wanted to avoid implying that the pirate hypothetical was less innocuous than it seemed. (R&R, PageID 1198.) While Petitioner disagrees with this conclusion, he provides no substantial argument or law in support of his position.

B. False Statement by a State Witness

Next, Petitioner objects to the R&R finding that trial counsel's failure to object to a "false statement" by the government's key witness was not prejudicial or deficient performance. He argues that the witness made an incorrect statement when she testified that she was not eligible for early release from her prison sentence, and that it was not clear to the jury that the witness's plea deal could result in her serving "far less than eight years in prison." (Objs., PageID 1220.)

The Magistrate Judge agreed with the Ohio Court of Appeals that the witness's statement was not clearly false—but noted, even if it were, it did not undercut the witness's stated motivation to avoid a lengthy prison sentence. Petitioner argues that if the jury had known Ms. Hager was eligible for release after five years, they would have an increased skepticism towards her testimony. However, it was clear to the jury that Ms. Hager was motivated to testify against Petitioner, at least in part, by her desire to get out of jail. (R&R, PageID 1200–01.) Since the jury knew that Ms. Hager harbored this motivation, even while believing that she was not eligible for release until eight years in prison, this Court agrees

with the R&R that correcting the false statement would not materially affect the jury's assessment of Ms. Hager's credibility.

    C. <u>Prosecutorial "Vouching" for a State Witness</u>

Lastly, Petitioner objects to the R&R finding that trial counsel's failure to object to the prosecution "vouching" for the key witness's credibility was not prejudicial. The R&R found that the instances of vouching not objected to did not materially affect the outcome. (R&R, PageID 1209.) Petitioner disagrees with this conclusion because the witness's testimony was crucial to the state's case. However, the Magistrate Judge properly examined the trial as a whole and the context in which the objectionable statements were made. *Stermer v. Warren*, 959 F.3d 704, 726 (6th Cir. 2020). Based on that wholistic view, she concluded that the Ohio Court of Claim's finding, which established that Petitioner was not prejudiced by improper vouching, was not unreasonable. The Court has conducted a *de novo* review of this analysis and agrees with the reasoning therein.

In sum, Petitioner has not shown that the Ohio Court of Appeals unreasonably applied federal law or made an unreasonable determination of the facts as to his ineffective assistance of counsel claims. Accordingly, Petitioner's second objection is **OVERRULED**. Petitioner's second Ground for Relief is **DENIED**.

## III. Certificate of Appealability

The Magistrate Judge recommends Petitioner be denied a certificate of appealability and not be permitted to proceed *in forma pauperis* because he has not

8

made a substantial showing of a violation of constitutional rights. (R&R, PageID 1210–11.) Petitioner argues that he has shown violations of his constitutional rights. As discussed above, the Court has not found a violation; Petitioner was convicted on sufficient evidence and did not receive ineffective assistance of counsel.

Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability, and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and Petitioner should not be permitted to proceed *in forma pauperis*.

## IV. Conclusion

Having considered Petitioner's Objections and the Magistrate Judge's R&R *de novo*, the Court **ADOPTS** the Report and Recommendation (ECF No. 8) and **OVERRULES** Petitioner's Objections (ECF No. 9). The Clerk will enter judgment dismissing the Petition (ECF No. 1) with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability, and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**